ERVIN, Circuit Judge:
 

 This contract dispute revolves around the uses to which parol evidence may be put. The familiar rule is that parol evidence concerning the terms of a contract is disallowed if it is prior to a written statement of the contract terms and is inconsistent with those terms. On the other hand, parol evidence may be used to contravene the existence of a contract; parol evidence may call into question whether the parties intended a writing to be a binding manifestation of mutual assent.
 
 See, e.g., Burke v. Delaney,
 
 153 U.S. 228, 14 S.Ct. 816, 38 L.Ed. 698 (1894);
 
 Lewis v. Lowry,
 
 322 F.2d 453, 455-56 (4th Cir.1963). The sole issue
 
 *455
 
 in this case is into which category the parol evidence fell.
 

 The appellants are two debtors, the Mur-phys, who bought a 250-aere tract of land in Maryland. The seller, Wadash Limited Partnership (“Wadash”), is the appellee. Wadash took a mortgage on the property. Various stormy incidents ensued, most of which were unrelated to the legal issue in this appeal, although recited at length in the parties’ briefs. The Murphys filed a voluntary petition in bankruptcy in May, 1983, after missing several large mortgage payments, to avoid foreclosure on the property. The Murphys later instituted at least one lawsuit against Wadash, claiming that Wadash had illegally refused to release certain parcels of the 250-acre tract as required by the parties’ original agreement.
 

 Meanwhile, the Murphys submitted several reorganization plans to the bankruptcy court. Wadash filed a claim against the Murphys in the bankruptcy court when their first plan was submitted, and the Murphys filed an objection to this claim. The thrust of the Murphys’ objection was that a meeting held between the parties on January 6, 1983 had produced a contract to release certain of the mortgaged parcels, but that Wadash had refused to release the land. The bankruptcy court considered both documentary and testimonial evidence and rendered a decision overriding the Mur-phys’ objection to the claim by Wadash. The Murphys appealed to the United States District Court for the District of Maryland. The district judge affirmed the ruling of the bankruptcy court and held that the bankruptcy court properly admitted and considered oral testimony regarding the January 6, 1983 document. Thereupon the Murphys brought the instant appeal.
 

 The nature of the testimony before the bankruptcy court rendered it admissible parol evidence. Two witnesses who were present at the January 6, 1983 meeting testified that Raymond Murphy was told before the meeting that the ensuing discussion was informal and without binding consequences; that no binding agreement was reached that day, because the Wadash representative had to return to his other partners with the Murphy offer before it could be approved; and that a document summarizing a settlement and release, which the Murphys offered as a contract arising out of the meeting, was initialed by the Wadash representative merely as an indication that it was an accurate summary of the offer. Wadash offered its own document, the “Agenda,” which it claimed was read to Raymond Murphy before the meeting. The “Agenda” noted that all discussions at the meeting were tentative and preliminary to a contract. The bankruptcy court heard this testimony and the conflicting testimony of Raymond Murphy and chose to credit the Wadash version of the facts.
 

 As Professor Corbin’s treatise points out, “It is certain that we need not begin excluding parol evidence until we know that a contract has been made.” 3 A. Corbin,
 
 Corbin on Contract,
 
 § 577 (1960). Maryland law has long been in accord.
 
 See Gordy v. Ocean Park,
 
 218 Md. 52, 145 A.2d 273 (1958);
 
 Colonial Park Estates v. Massart,
 
 112 Md. 648, 655, 77 A. 275, 277 (1910). The Agenda and the testimony offered by Wadash went to the existence of the putative contract, not to the interpretation of its terms. It was thus proper for the bankruptcy judge to consider it. After the district court’s affirmance of the bankruptcy judge’s decision, that decision could be disturbed on appeal only if it was clearly erroneous.
 
 See Anderson v. City of Bessemer City, North Carolina,
 
 470 U.S. 564, 574, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). Given the directly conflicting testimony, the bankruptcy judge had a basis for his decision. The district court properly affirmed his ruling of admissibility.
 

 Wadash's motion to supplement the appendix in this case and to strike certain matters in the Murphys’ brief has been held in abeyance pending this opinion. The unopposed motion to supplement is allowed, but the motion to strike extrinsic matters is denied.
 

 AFFIRMED.